**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| "VICKY," *et al.*, <br>         Plaintiffs, <br>   vs. <br> JAMES GRAHAM USHERWOOD, <br>         Defendants. | Case No. C17-1604RSL <br><br> ORDER DIRECTING CLERK TO ISSUE WRIT OF ATTACHMENT |

THIS MATTER comes before the Court on plaintiffs' "Motion for Prejudgment Writ of Attachment, Order Setting Bond and Discovery" in the above-captioned matter. Dkt. # 2. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to Fed. R. Civ. P. 64, every remedy that is available under Washington state law for the seizure of property to secure satisfaction of a potential judgment is available to the parties in this action. Plaintiff seeks a prejudgment writ of attachment on the grounds that the damages sought arose "from the commission of some felony, gross misdemeanor, or misdemeanor." RCW 6.25.030(9). Procedurally, plaintiff must apply for the writ, making the preliminary showing required by RCW 6.25.060(1), and the responding party must be given notice and an opportunity to be heard. Substantively, the

ORDER DIRECTING CLERK TO
ISSUE WRIT OF ATTACHMENT -- 1

applicant must establish the probable validity of its claims and that there is probable cause to believe that the alleged grounds for attachment exist. RCW 6.25.070(1).

Plaintiffs have followed the correct procedures and made the required showing. The specific relief requested in the motion is no longer available, however. After the motion was filed, defendant sold the real property that plaintiffs sought to attach. The details of the sale are unknown: in his declaration, defendant merely states that he "no longer own[s] the house" . . . and does "not own any other real property either." Dkt. # 8 at ¶ 2. The state procedure is, in part, designed to prevent the conversion of real property into funds that can be easily secreted. RCW 6.25.030(7)). Having accomplished just such a conversion, a writ attaching the proceeds of the sale is appropriate and warranted.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs shall, prior to the issuance of a writ of attachment, file and/or deposit with the Clerk of Court a bond and/or cashier's check in the sum of $3000 to the satisfaction of the Clerk and otherwise conforming to the requirements of RCW 6.25.080. Upon receipt of an acceptable bond or cashier's check, the Clerk of Court shall issue a writ of attachment on the proceeds of the sale of the property commonly known as 285 Dorado Drive NW, Issaquah, WA 98027.

IT IS FURTHER ORDERED THAT:

Except as stated herein, defendant shall not assign, transfer, secret, or otherwise dispose of the proceeds of the sale without prior written permission of the Court.

Defendant shall immediately notify any financial institution or third party holding all or a portion of the sale proceeds of the attachment and provide a copy of this Order.

Within seven days of the date of this Order, defendant shall provide plaintiffs with the documentation of the property sale closing, the net amount of proceeds he received from the sale, and the current location of those funds.

To the extent defendant is holding any part of the sale proceeds, he shall immediately transfer those funds to his attorney to be held in the attorney's trust account pending further order of the Court.

Defendant shall file proof of notice to the financial institutions or third parties holding the sale proceeds and proof of the transfer of proceeds to his attorney's trust account, if any.

DATED this 21st day of November, 2017.

                         /s/ Robert S. Lasnik
                         Robert S. Lasnik
                         United States District Judge